## Case No. 5,623.

### The GORGAS.

[10 Ben. 666.] [1]

District Court, S. D. New ʏork. Dec., 1879.

COLLISION—DAMAGES—DEMURRAGE.

A canal-boat, while on a voyage to Port Johnson, to take on board a cargo of coal which she had agreed to carry to Middletown,‾Conn., at a stipulated rate, was injured by a tug, which was held liable to pay the damages. The commissioner, to whom it was referred to ascertain the damage, reported as part of the damages $53 80, the estimated net freight which the boat would have earned. It was proved that the voyage in question would have taken fifteen days; that the boat was detained for repairs five days, and at the end of that time was again employed by her owner in her usual occupation: *Held*, that the owner of the boat was not entitled to recover the whole of the net freight, but only a proportionate part, viz., one-third of it.

[Cited in The Belgenland, 36 Fed. 505; The City of Alexandria, 40 Fed. 699.]

In admiralty.

L. S. Gove, for libellant.

F. A. Wilcox, for claimant.

CHOATE, District Judge. The libellant having had a decree for his damages [Case No. 5,622], the commissioner has reported the same as amounting to $243.34. This includes the sum of $53.80, the estimated net freight the libellant's canal-boat would have earned in the voyage from Port Johnson to Middletown, Conn., upon which she was prevented from entering by the collision. She was injured on her passage to Port Johnson, there to take on her cargo of coal, which she had agreed to carry at a stipulated price. She was detained for repairs five days and at the end of five days was again employed by the libellant in her usual occupation, whether profitably or not does not appear. The proof is, that the projected voyage would have required fifteen days.

Under the particular circumstances of this case, I think this allowance of the full net freight was excessive. What the libellant is entitled to is indemnity for the loss of the use of his boat for five days. This evidence shows that the use of the boat for fifteen days was worth $53.80, and no further evidence was offered on either side as to the value of such use of the boat. In some cases of total loss the net freight for the voyage entered upon has been allowed. This is, perhaps, an established exception to the doctrine that speculative or contingent profits are not allowed as damages. The Heroine [Case No. 6,416]; The Galatea [Id. 5,185]. The rule in case of detention is to allow what the vessel would earn for the owner on hire during the period of detention. Williamson v. Barrett, 13 How. [54 U. S.] 111. If she has been chartered for a voyage, the

1 [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

probable length of which is substantially coincident with the time required for repairs, then the freight reserved, deducting the cost of earning it, may be taken as a measure of what the owner has lost by the detention. As pointed out in the case last cited, if ·a longer period is required for the repairs than the probable length of such voyage, then such net freight obviously falls short of an adequate allowance. By Nelson, J., Id. 111. It is equally plain that if the time required for the repairs is far short of the probable length of such voyage, then the net freight would be an excessive allowance, for the reason that the vessel could not earn so much during the period of detention. At the end of five days the owner resumed the use of her and therefore no question arises as to subsequent want of employment being attributable to the collision, if in any case such subsequent loss of employment could be made the ground of recovery. The libellant having, after that time, actually used the boat in her usual employment, I think it must be presumed in the absence of evidence, if that point is material, that for such employment he received an equivalent consideration—in other words, what the use of her was fairly worth. If he did not, the matter was wholly within his own knowledge and it was for him to show the fact. The case of Williamson v. Barrett [supra], as I understand it, does not make the net freight the absolute measure of the amount recovered for detention without regard to the length of the detention. One-third only of the sum of $53.80 should be allowed for demurrage. The other exceptions are not well taken. Claimant's 2d exception sustained, 1st and 3d overruled. Libellant's exceptions overruled and decree for amount reported, deducting $35.87.